UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | Case No. 16-00058-FPC7 |
| BRIAN KEITH McKEE, | **NOT FOR PUBLICATION** |
| | MEMORANDUM DECISION |
| Debtor. | |

## INTRODUCTION

Kevin O'Rourke, the Chapter 7 Trustee ("Trustee"), timely filed an objection (ECF Nos. 11 and 22) to debtor Brian McKee's claim of homestead exemption (ECF Nos. 1 and 16). An evidentiary hearing on the matter was held on June 28, 2016. The Trustee argued that Mr. McKee does not have "actual intent" to make the property at 1424 W. Grace Street in Spokane, Washington ("Grace Street Property") his "homestead" as described and required pursuant to WASH. REV. CODE ("RCW") §§ 6.13.010(1) and 6.13.040(3). Mr. McKee admitted that it has been about eleven years since he has resided at the Grace Street Property. However, Mr. McKee

MEMORANDUM DECISION ~ Page 1

testified that although he is not currently living at the Grace Street Property, his intent is to reside there after his mother dies. Mr. McKee argued that his absence from the Grace Street Property is temporary and is the direct result of the need to care for his elderly mother. The court has reviewed the evidence and testimony presented and the matter is ready for decision.

## FACTUAL BACKGROUND

Mr. McKee purchased the Grace Street Property in 1999 and resided there until 2005 when he married Darla Williams.[1] After the marriage, the couple moved into Williams' home located at 317 W. Shannon Street in Spokane. The Grace Street Property was turned into a rental property. The couple lived at the Shannon Street Property until foreclosure proceedings forced them to move out of the home in March of 2010. When the couple moved out of the Shannon Street Property, they did not move into the Grace Street Property. Rather, the couple moved in with Mr. McKee's mother at 4205 W. Princeton Street in Spokane.

Mr. McKee testified that living with his mother was to be a temporary living arrangement. Mr. McKee indicated that he and his wife planned to move to the Grace Street Property, but first moved in with his mother to allow the tenant at the Grace Street Property some time to move out. However, this testimony was refuted by Mr. McKee's own witness, Sandy Judge, who testified that he has rented the

---

[1] Darla Williams died on August 8, 2015.

Grace Street Property for the last six years. Mr. Judge testified that during the time he has rented the property, Mr. McKee has not discussed any plans to move to the Grace Street Property. Mr. Judge also testified that he never received any request to move out or vacate the Grace Street Property. Mr. McKee also indicated that he and his wife moved in with Mr. McKee's mother because of her declining health after she suffered a heart attack. However, this testimony was contradicted by Mr. McKee's own later testimony admitting that he and his wife moved in prior to his mother's heart attack. Mr. McKee also testified that he has no intent of moving his mother to the Grace Street Property. Rather, Mr. McKee testified it was his intent to remain and reside at the Princeton Street Property with his mother until she dies. The Trustee concluded that given Mr. McKee's lack of present intent or quantifiable future intent to reside at the Grace Street Property, Mr. McKee should not be able to claim the homestead exemption as to the Grace Street Property on his bankruptcy schedules.

Mr. McKee filed a chapter 7 bankruptcy petition on January 8, 2016. In his bankruptcy schedules, Mr. McKee claimed the equity in the Grace Street Property to be exempt pursuant to Chapter 6.13 of the RCW. In May of 2016, pursuant to Washington law, Mr. McKee filed a declaration of homestead for the Grace Street Property.

MEMORANDUM DECISION ~ Page 3
16-00058-FPC7    Doc 40    Filed 06/30/16    Entered 06/30/16 17:00:35    Pg 3 of 9

The current tax assessed value of the Grace Street Property is $107,400 and currently there are secured claims against the Grace Street Property of approximately $71,000. As a result, there is approximately $36,400 of equity in the Grace Street Property.

**DISCUSSION**

The issue in this case is whether Mr. McKee actually intended, at the time of filing, to use the Grace Street Property as his primary residence.[2] If he did, then he may, under Washington law, claim a homestead exemption in the Grace Street Property of up to $125,000.[3]

The purpose of the Washington homestead exemption statutes is to "ensure shelter for families." *Burch v. Monroe*, 834 P.2d 33, 34 (1992); *see also In re Feas' Estate*, 30 70 P. 270, 272 (1902). In Washington, homestead and exemption statutes

---

[2] A debtor's entitlement to a claimed exemption is determined as of the date the bankruptcy petition is filed. *Hopkins v. Cerchione (In re Cerchione)*, 414 B.R. 540, 548 (B.A.P. 9th Cir. 2009); *Culver, LLC v. Chiu (In re Chiu)*, 266 B.R. 743, 751 (B.A.P. 9th Cir. 2001). However, the validity of a declared Washington homestead exemption requires focus on the time the declaration is recorded. *In re Wilson*, 341 B.R. at 26 (citing cases). In this case, it is not necessary for the court to distinguish Mr. McKee's intent at the time of filing the bankruptcy petition from the time of his filing of the homestead declaration because the two filings were within mere months of each other.

[3] *See* RCW § 6.13.030. In the event the Washington homestead exemption is not available to Mr. McKee, Mr. McKee's exemption claim under federal law would be more limited. If Mr. McKee amended his bankruptcy schedules and elected to take the federal exemptions, the maximum amount of equity that he can exempt is $12,725. *See* 11 U.S.C. § 522(d)(5). The larger exemption amount set forth in 11 U.S.C. § 522(d)(1) is not available to Mr. McKee because he does not "reside" in the Grace Street Property. *See* 11 U.S.C. § 522(d)(1).

MEMORANDUM DECISION ~ Page 4

are favored and should be liberally construed. *Jefferies v. Carlson (In re Jefferies)*, 468 B.R. 373, 380 (B.A.P. 9th Cir. 2012); *Pinebrook Homeowners Ass'n v. Owen*, 739 P.2d 110 (1987). The "homestead consists of real or personal property that the owner uses as a residence or the dwelling house or the mobile home in which the owner resides or intends to reside. Property included in the homestead must be actually *intended or used* as the principal home for the owner." *In re Jefferies*, 468 B.R. at 380 (citations, internal quotation marks, and alterations omitted) (emphasis added).

Washington has two methods for establishing a homestead. *Arkison v. Gitts (In re Gitts)*, 116 B.R. 174, 178 (B.A.P. 9th Cir. 1990), *aff'd & adopted*, 927 F.2d 1109 (9th Cir. 1991); *Wilson v. Arkison (In re Wilson)*, 341 B.R. 21, 25 (B.A.P. 9th Cir. 2006). The first is occupancy. For property described in RCW 6.13.010, an automatic homestead exemption is created under RCW 6.13.040(1) and automatically protected by the exemption described in RCW 6.13.070, from and after the time the property is *occupied as a principal residence by the owner*. *See In re Gitts*, 116 B.R. at 178. Alternatively, if an owner cannot show occupancy and use, the owner may nevertheless claim a homestead for exemption purposes by declaration. *In re Gitts*, 116 B.R. at 178. In order to "establish a valid declared homestead exemption, an owner must *intend to reside* on the property, record a declaration of homestead, and record a declaration of abandonment of any automatic

MEMORANDUM DECISION ~ Page 5
16-00058-FPC7    Doc 40    Filed 06/30/16    Entered 06/30/16 17:00:35    Pg 5 of 9

homestead or any existing declared homestead." *Gitts*, 116 B.R. at 178 (emphasis added). Importantly, the filing of a declaration of homestead alone is insufficient to establish intent to reside on the property. *See Traverso v. Cerini,* 146 Wash. 273, 276 (1928) ("intent must be shown by something more than by mere declarations"); *Wolph v. Kennedy*, 96 Wash. App. 1026 (1999). Additionally, a homestead declaration must be filed in good faith, which is construed as meaning that "it must speak the truth in order to be valid." *In re Wilson*, 341 B.R. at 27 (citation omitted).

Here, Mr. McKee does not occupy or reside at the Grace Street Property. Consequently, Mr. McKee is not entitled to Washington's automatic homestead exemption. Therefore, Mr. McKee relies on the alternative method to exempt the property, by recording a declaration establishing his intent to reside there. *See* RCW §§ 6.13.010(1) and 6.13.040(3). Hence, the pivotal issue is whether Mr. McKee satisfied the intent requirement of a declared homestead.[4]

Mr. McKee argues that he has established the requisite *intent to reside* because he has declared that it is his intent to return to the Grace Street Property after his mother dies. However, the court is not persuaded that this is the *intent to reside* required by statute. Mr. McKee's argument requires the court to essentially ignore the fact that he has not resided at the Grace Street Property for over eleven

---

[4] Intent to reside is a factual issue that must be resolved by the court. *See Wolph v. Kennedy*, 96 Wash. App. 1026 (1999).

years and even now admits that he has no idea when he will actually return to the Grace Street Property. The court finds that Mr. McKee's contingent, future intent to move to the property is not sufficient to establish entitlement to the homestead exemption. In short, the court does not believe that Mr. McKee has any present intent to reside at the Grace Street Property. Therefore, the court finds that the Trustee has successfully refuted Mr. McKee's allegations regarding his intent to reside on the Grace Street Property.[5]

Although the court recognizes that Mr. McKee's willingness to live with his mother and care for her is laudable, the court was not presented with any evidence demonstrating that the Grace Street Property is Mr. McKee's homestead. Mr. McKee abandoned the Grace Street Property as his residence years before his bankruptcy filing. Indeed, Mr. McKee was not forced out of the Grace Street Property as a result of his mother's health. Mr. McKee moved in with his mother prior to her heart attack. And, when Mr. McKee moved in with his mother, he was not living at the Grace Street Property. Rather, Mr. McKee moved from the Shannon Street Property where he had lived for five years. Mr. McKee abandoned the Grace Street Property as a residence when he moved out five years before.

---

[5] The parties dispute who had the burden of persuasion. It is not necessary for the court to make this determination because, even if it is the Trustee's burden, the Trustee provided sufficient evidence to persuade this court that Mr. McKee lacked the requisite intent.

Unlike the debtor in *In re Diaz*, 547 B.R. 329 (B.A.P. 9th Cir. 2016), Mr. McKee voluntarily abandoned the property in question. Mr. Diaz never intended to move. Mr. Diaz's move was forced upon him as a result of his medical condition. Unlike Mr. McKee, the actions of Mr. Diaz demonstrated the temporary nature of his absence from his homestead. For example, Mr. Diaz did not change the address on his driver's license from the address of his homestead, whereas the address listed on Mr. McKee's driver's license is the Princeton Street address.

Mr. McKee argues that he should be able to claim a homestead exemption on his bankruptcy schedules because it is his intent to move back to the Grace Street Property sometime in the future. The court disagrees. It has already been 11 years since Mr. McKee occupied the Grace Street Property and there is no way of knowing when the condition precedent to Mr. McKee's move to the Grace Street Property will occur.[6] By disallowing this exemption, Mr. McKee is not losing his shelter. Mr. McKee has a home. Mr. McKee's residence, by his own admission, is with his mother on Princeton Street, for as long as she lives. Moreover, Mr. McKee has not presented any facts demonstrating that he has taken any action to obtain possession of the Grace Street Property. *See Canadian Bank of Commerce v. Kellough*, 142 Wash. 335, 337, 253 P. 124, 125 (1927) (finding that the owner's

---

[6] *See In re Ramsey*, No. BAP ID-11-1592-JUMKH, 2012 WL 3205415, at *5 (B.A.P. 9th Cir. Aug. 3, 2012) (explaining that if relying on constructive occupancy, there must be "actual occupation within a *reasonable time* thereafter") (emphasis added).

declaration of intent to occupy the home in the future was insufficient and contradicted by lack of evidence that the owner took "steps to dispossess the tenant as will allow him to move upon the premises and use them as a home.").

## CONCLUSION

After carefully considering the record, the law, evidence, and testimony, the court finds that the Trustee has met his burden of proving that Mr. McKee does not intend to reside in the Grace Street Property. Therefore, the court will enter an order denying Mr. McKee's claim of homestead under Chapter 6.13 of the Revised Code of Washington. However, the court does not in this decision curtail any right that Mr. McKee may have to amend his schedules in order to claim a portion of the equity in the Grace Street Property as exempt pursuant to 11 U.S.C. § 522(d)(5).[7]

///END OF MEMORANDUM DECISION///

---

[7] Federal Rule of Bankruptcy Procedure 1009(a) provides that a "voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed."